# AFFIDAVIT OF SPECIAL AGENT LINDSAY WALFORD IN SUPPORT OF VERIFIED COMPLAINT FOR FORFEITURE IN REM

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the U.S. Department of Health and Human Services, Office of Inspector General ("HHS-OIG"). I am currently assigned to the Boston Regional Office and am assigned cases that cover the state of Rhode Island. I have been employed as a Special Agent with HHS-OIG for over twenty-one years. I have a bachelor's degree in Criminal Justice from Northeastern University in Boston, Massachusetts. I have received extensive training at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. As an HHS-OIG Special Agent, I am responsible for investigating allegations of fraud against the various programs under HHS's jurisdiction, including the Medicare and Medicaid programs. I have participated in numerous investigations involving those programs and have interviewed witnesses, conducted surveillance, and reviewed claims data, medical records, and other business records. I have also assisted with the execution of numerous search and arrest warrants. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. §2510(7), in that I am empowered by law to conduct investigations and to make arrests for federal felony offenses.

3. I make this affidavit in support of a verified complaint for forfeiture of property in rem for the following five bank accounts (collectively the "Accounts"):

| Account # | Asset ID | Asset Description |
|---|---|---|
| 1 | 23-FBI-003694 | $266,537.91 in funds from Bank Account # XXXXXXXX0760 in the name of Recovery Connection Centers of America at Bank of America, Newark, DE |
| 2 | 23-FBI-003696 | $255,678.97 in funds from Bank Account # XXXXXXX7190 in the name of Barrington Urgent Care, PC at Bank of America, Newark, DE |
| 3 | 23-FBI-003703 | $30,554.02 in funds from Bank Account # XXXXXXXX3148 in the name of Recovery Connection Management Services at Bank of America, Newark, DE |
| 4 | 23-FBI-003706 | $35,830.28 in funds from SEP IRA brokerage account # XXXX7970 in the name of Michael Brier at The Vanguard Group, Malvern, PA |
| 5 | 23-FBI-003710 | $152,192.79 in funds from Contract Account # XX0593 in the name of Recovery Connection Center at John Hancock, Boston, MA |

and two vehicles (collectively the "Vehicles"):

| Asset ID | Asset Description |
|---|---|
| 23-FBI-003711 | 2019 Lexus RX350 |
| 23-FBI-003712 | 2020 Mercedes Benz GLE350 |

4. The investigation has uncovered evidence, including as set forth below, of the offenses listed above, among others, including through the following means:

    a. **Fraudulent Application for Medicare Provider Status:** RCCA and Brier caused a fraudulent application to be submitted to Medicare which, among other things, misrepresented and concealed the role that Brier was playing in the business and failed to disclose his relevant criminal record as required.

### b. False Billing for 45 Minute Counseling Sessions:

RCCA and Brier and others fraudulently caused false claims to be submitted for psychotherapy and counseling services that did not occur for the length of time billed, including days on which so many claims were submitted for the same therapist that the billings would be impossible to achieve in a single day.

### c. Unlicensed Practice of Medicine and Submitting Fraudulent Prescriptions:

Brier purported to practice medicine and wrote and caused to be filled prescriptions using the names and prescriber information, including Drug Enforcement Administration ("DEA") numbers, of doctors without their permission.

5. I base this affidavit upon my personal knowledge, upon information and documents provided to me by other investigators assigned to this investigation, and upon information and documents provided by third parties. Because this affidavit is submitted for the limited purpose of supporting a verified complaint in rem, I have not included each and every fact that has been revealed to me through the course of this investigation. Instead, I have set forth only the facts that I believe are necessary to evaluate the legal basis for the initiation of the civil forfeiture action.

6. For the reasons set forth below, funds in each of the aforementioned Accounts were derived from proceeds traceable to violations of specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(F), specifically health care fraud under 18 U.S.C. § 1347. As such, the traceable portion of the Accounts is subject to seizure

and forfeiture under 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(7), and 984 and 28 U.S.C. § 2461.

7. The Accounts and the Vehicles were also involved in money laundering activity in violation of 18 U.S.C. §§ 1956 and 1957 and as such are subject to seizure and forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and 982(a)(1).

8. Pursuant to 28 U.S.C. §1746, I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

## THE SUBJECT FUNDS WERE DERIVED FROM HEALTH CARE FRAUD MONEY LAUNDERING, SEIZURES, AND FORFEITABILITY

9. Proceeds from RCCA and Brier's activities are proceeds of a specified unlawful activity, namely healthcare fraud under 18 U.S.C. §1956(c)(7)(F), and RCCA and Brier knew that those proceeds were criminally derived. As set forth below, Brier, and thereby RCCA, conducted or attempted to conduct financial transactions, with proceeds that Brier knew were from the healthcare fraud, for the purpose of concealing the nature, source, location, ownership, or control of those proceeds, in violation of 18 U.S.C. §1956(a)(1)(B)(i). As set forth below, Brier, and thereby RCCA, with proceeds from the healthcare fraud exceeding $10,000, engaged in monetary transactions involving financial institutions, in violation of 18 U.S.C. §§ 1956 and 1957.

10. Furthermore, based on the money movement and associated and resulting concealment or attempted concealment, the Accounts and Vehicles are all involved in money laundering and therefore subject to forfeiture.

11. Funds from specified unlawful activities pursuant to 18 U.S.C. § 1956(c)(7)(F) were deposited into Account 1. From account records, I know that those funds were then utilized to purchase assets, which constituted concealment or attempted concealment of Brier's income from illegally obtained proceeds. Furthermore, funds from Account 1 were transferred to Accounts 2, 3, 4, and 5, which are all controlled by Brier, in an attempt to conceal money and purchase assets in another name. These deposits and transfers constitute both concealment and commingling, and thereby the accounts are all involved in money laundering.

12. A review of Account 1 reveals total deposits of $15,200,616.65 between January 2019 to May 2022. The largest deposits into account 0760 are listed below:

| Payor | Deposit Amount |
|---|---|
| United Behavior Health (UBH) | $2,412,686.87 |
| Commonwealth of Massachusetts | $1,926,284.01 |
| United HealthCare (UHC) | $1,795,799.41 |
| National Government Services (NGS, Inc) | $1,734,838.11 |
| Boston | $1,365,222.14 |
| Beacon | $1,158,844.64 |
| Blue Cross Blue Shield (BCBS) | $955,253.74 |
| Transfer from Account #2 | $661,900.00 |
| SBA | $499,900.00 |
| Tufts | $437,286.50 |
| NHPRI | $376,493.12 |
| FHC Health | $278,555.79 |

13. A review of Account #1 revealed total debits from the account as $15,152,733.48 from January 2019 to May 2022. Selected debits from Account #1 are highlighted below:

| Transfer Destination | Debit Amount |
|---|---|
| Transfer to Account #2 | $681,305.00 |
| Transfer to Account #3 | $203,000.00 |
| Transfer to Account #4 | $48,739.00 |

| | |
|---|---|
| Transfer to Account #5 | $165,816.41 |
| Transfer to Playa Escondida Beachfront | $48.480.00 |
| Beacon | $1,158,844.64 |
| Blue Cross Blue Shield (BCBS) | $955,253.74 |
| Transfer from Account #2 | $661,900.00 |
| SBA | $499,900.00 |
| Tufts | $437,286.50 |
| NHPRI | $376,493.12 |
| FHC Health | $278,555.79 |

14. On June 7, 2020, $5,000 was transferred from Account 1 to Playa Escondida Beachfront, Calle 56 Paitilla, Panama ("Playa Escondida"). The originator's name is listed as "Recovery Connection of Amer." On August 24, 2020, an international wire transfer was conducted from Account 1 to Playa Escondida for $19,240, transaction number 00050344; on November 16, 2020, an international wire transfer was conducted from Account 1 to Playa Escondida for $24,240, transaction number 00068869. Both of these transactions listed "Recovery Connection of Amer." as the originator's name.

15. Account 2 is listed as held by Barrington Urgent Care, PC ("BUC"). BUC was closed several years ago and purchased by Ocean State Urgent Care. At all relevant times Account 2 was controlled by Brier exclusively. The most recent health care payment deposited into Account 2 was made by Beacon Health on May 10, 2022, for $86.37. Of a total of $1,404,432.87 deposited into Account 2 since it was opened, $681,305 was transferred from Account 1, and an additional $438,782.14 was deposited by various health insurance payors, including Medicare.

16. On June 11, 2021, an international wire transfer was conducted from Account 2 to Playa Escondida for $24,260, transaction number 00208828. The

originator's name is listed as BUC. On July 29, 2021, an international wire transfer was conducted from Account 2 to Playa Escondida for $24,240, transaction number 00365429, with the same originator's name.

17. Brier regularly moved funds between Account 1 and Account 2, to conceal or attempt to conceal Brier's income from illegally obtained proceeds. For example:

- On December 13, 2021, $500,000 was transferred from Account 1 to Account 2.
- On January 11, 2022, $100,000 was transferred from Account 1 to Account 2.
- On January 24, 2022, $15,000 was transferred from Account 1 to Account 2.
- On February 18, 2022, $50,000 was transferred from Account 1 to Account 2.
- On May 19, 2022, $10,000 was transferred from Account 1 to Account 2.

18. A review of Account 3 reveals thirteen transactions where Brier moved funds between Account 1 and Account 3 between March 7, 2022, and May 25, 2022. A total of $203,000 was transferred from Account 1 to Account 3 during this time.

19. Account 4 is a Vanguard Investment Account, number xxxx7970, in the name of Michael Brier. On April 27, 2021, $48,739.00 was transferred from Account 1 to Account 4.

20. Account 5 is a John Hancock USA 401(k) retirement plan for Recovery Connection Center, contract account XX0593, which was opened by Brier on May 15, 2019. Michael Brier is a participant in that plan, along with six other RCCA employees. A review of Account 5 shows ten transfers where Brier moved funds from Account 1 to Account 5 from January 16, 2020, to May 5, 2022, totaling $163,543.69.

- On January 16, 2020, $7,727.28 was transferred from Account 1 to participant Michael Brier's account in Account 5.

- On January 24, 2020, $15,000 was transferred from Account 1 to participant Michael Brier's account in Account 5.

- On June 24, 2020, $27,541.00 was transferred from Account 1 to participant Michael Brier's account in Account 5.

- On June 5, 2020, $26,000 was transferred from Account 1 to participant Michael Brier's account in Account 5.

- Of the $163,543.69 Brier transferred from Account 1 to Account 5, $149,641, or 91%, was deposited into participant Michael Brier's account.

21. On April 26, 2022, at approximately 12:47 pm, a physical surveillance was conducted by Agents of the FBI. Michael Brier was observed arriving at 381 Wickenden Street, Providence, RI driving a black Lexus bearing MA license plate 3MRM51 (the "Lexus").

22. On May 3, 2022, at approximately 8:00 am, a physical surveillance was conducted by Agents of the FBI at 29 Kenilworth Street, Newton, MA. Agents observed a gray Mercedes bearing MA license plate 2MMF74 (the "Mercedes") and the Lexus in the driveway. At approximately 8:09 am, Brier was observed opening the trunk to the Lexus and returning to the residence.

23. On May 24, 2022, at approximately 7:50am a physical surveillance was conducted at 29 Kenilworth Street, Newton, MA by Agents of the FBI, who observed the Mercedes parked in the back of the driveway.

24. On July 20, 2022, a physical surveillance was conducted by Agents of the FBI at 29 Kenilworth Street, Newton, MA. At approximately 7:45 am, the Mercedes and the Lexus were in the driveway. At approximately 10:50 am, the Lexus departed the residence and Brier was observed as the driver of the vehicle.

25. Accordingly, I submit that the funds held in the Accounts and the Vehicles are forfeitable as they constitute property derived from proceeds obtained, directly or indirectly, from violations of 18 U.S.C. § 1347 (Health Care Fraud), 18 U.S.C. § 1956 (Laundering of Monetary Instruments), and 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity), and therefore are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) (civil forfeiture of healthcare fraud proceeds), 18 U.S.C. 982(a)(1)(C) (civil forfeiture of money laundering proceeds), and 18 U.S.C. § 982(a)(1)(A) (civil forfeiture of property involved in money laundering).

26. The contents of the Accounts would consist of principal, deposits, interest, dividends, and other amounts credited to the account on and after execution of the warrant up to final liquidation of the account.

*SA Lindsay Walford*
_____
Special Agent Lindsay Walford
U.S. Dept. of Health and Human Services,
Office of Inspector General